IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHAEL R. CROSBY**                                                                                    **PLAINTIFF**

**VS.**                        **CASE NO. 4:05CV0469 JMM**

**SCOTTSDALE INSURANCE CO., ET AL.**                                  **DEFENDANTS**

**ORDER**

On January 6, 2005, Michael R. Crosby, *pro se* and on behalf of Mind Guard Corporation, filed a complaint in case no. 4:05CV00023 GTE in which he made allegations that the defendants (who are the same as in the instant case) failed to take appropriate actions regarding Mind Guard. This case was ultimately dismissed without prejudice because a corporation must be represented by licensed counsel and Crosby is not a licensed attorney.

Crosby has now filed a motion to proceed *in forma pauperis* and an amended complaint in which he states that defendants are not acting in good faith regarding needed protocols for disaster recovery and emergency management, and that the Social Security Administration has unjustly terminated benefits. The complaint makes reference to the previously filed Mind Guard case and states that Crosby needs money for mailing expenses, transcripts and refinancing. Plaintiff attempted service on defendants which resulted in two motions to dismiss for insufficient service and two Fed. R. Civil P. 12(b)(6) motions to dismiss for failure to state a claim.

Plaintiff's motion to proceed *in forma pauperis* is granted (#1). However, for the reasons stated below, process of service is not appropriate as the complaint is dismissed for failure to

state a claim.  *See* 28 U.S.C. 1915 (e)(2)(ii).

The complaint and amended complaint in the instant case make the same allegations as the complaint in case no. 4:05CV00023 GTE.   Clearly, Crosby is attempting to bring a *pro se* lawsuit on behalf of Mind Guard.  The Court holds that any portion of the complaint relating to Mind Guard is dismissed.

To the extent the complaint and the amended complaint allege that Crosby's social security benefits have been unjustly discontinued, there are no allegations or evidence that he has exhausted his administrative remedies or that this requirement should be waived.  *See Rodabaugh v. Sullivan*, 943 F.2d 855 (8th Cir. 1991); *Rowden v. Warden*, 89 F.3d 536 (8th Cir. 1996).

Because the complaint fails to state a claim, the  pending motions to dismiss are also granted (#6, #8).   This dismissal is without prejudice to Mind Guard bringing a lawsuit through a licensed attorney and without prejudice to Crosby challenging the decision of the Social Security Administration in federal court after he has exhausted all his administrative remedies.  All remaining pending motions are dismissed as moot (#11, #10).

IT IS SO ORDERED this  15  day of August, 2005.

_____
James M. Moody
United States District Judge